# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUGUSTUS SIMMONS, | ) |
| Plaintiff | ) Case No. 2:17-cv-00996 |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| R. GILMORE, ET AL., | ) UNITED STATES MAGISTRATE JUDGE |
| Defendants | ) |
| | ) ORDER ON DEFENDANTS' MOTION |
| | ) TO COMPEL [ECF No. 50] |

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Plaintiff Augustus Simmons, an inmate incarcerated with the Pennsylvania Department of Corrections, identifies himself as the founder of a religion known as the Fellowship of Spiritual Science (FSS). Before the Court today is a motion to compel discovery filed by the Defendants. Specifically, Defendants have submitted interrogatories to Simmons asking that he: "1. Provide the names and inmate numbers of all inmates who have converted to your religion; and 2. Provide the names and inmate numbers of all inmates who you have attempted to convert to your religion." ECF No. 50-2, at 1. Simmons objected to these questions as follows:

> As a revered magi i [sic] am sworn to keep sacred, privilaged [sic] and clerical information between me and the converted member,

1

> unless they approve of this personal release of sacred information i [sic] am sworn by silence under the light of elohim, and protected by such under law. Request denied.

ECF No. 50-3, at 4.[1] Having reviewed Simmons' objection to the Defendants' discovery request, the Court will **OVERRULE** that objection and **GRANT** Defendants' Motion to Compel.

Simmons argues that the information Defendants seek is "privileged clerical information" between him and the converted member. ECF No. 50-3 at 4. He also states that membership information is "sacred." *Id*. He cites the "light of elohim" as the authority for withholding the requested information but provides no further explanation or exposition as to that alleged authority. *Id; see also* ECF No. 54. Thus, the Court construes Simmons' objection as an invocation of the clergy-communicant privilege, which protects "communications made (1) to a clergyperson (2) in his or her spiritual capacity (3) with a reasonable expectation of confidentiality." *In re Grand Jury Investigation*, 918 F.2d 374, 384 (3d Cir. 1990). This privilege, however, does not extend to the information requested by the Defendants in this matter.

The clergy-communicant privilege protects communications to a member of the clergy, in his or her spiritual or professional capacity, by persons who seek spiritual counseling and who reasonably expect that their words will be kept in confidence. *Duffy v. Kent County Levy Court*, 800 F. Supp. 2d 624, 682 (D. Del. 2011) (citing *In re Grand Jury*, 918 F.2d at 377). Assuming without deciding that Simmons is a clergyperson entitled to invoke the privilege, providing Defendants a list of church membership or a list of individuals Simmons has attempted to convert does not encroach or implicate any actions undertaken in a spiritual counseling capacity.

---

[1] Simmons adopts this statement as his answer to the second interrogatory, adding that "I am sworn to silence as a member of a clergy it is my holy duty to protect that!!" ECF No. 50-3, at 4.

*See In re Grand Jury Investigation*, 918 F.2d at 377 (holding that the privilege does not apply to statements made, even in confidence, to a person who happens to be a member of the clergy but who is receiving the statements outside the purpose of spiritual counseling.) Nor has Simmons demonstrated that the individuals who converted to his religion or those he attempted to convert had any expectation of privacy in their communication with him or in their church membership itself. The burden is on the person asserting the privilege to establish its applicability, though it may be asserted "by a clergyperson on behalf of a communicant." *Id.*, n. 15. Simmons has failed to meet his burden. Simmons provided only vague references to a "constitution of light" and the "light of elohim" as the basis for objecting to providing a list of church members and potential converts. ECF No. 54. He has not provided any information from which the Court might ascertain whether a religious basis exists for refusing to provide a list of church members to the Defendants.

The Court notes that Simmons' position also appears to in conflict with the relief he has requested in this case as well as the positions he has taken in other litigation before this Court. In this case, Simmons' Complaint asks "to have the name of the religion he claims to have founded listed on the religious preference form." ECF No. 5, at 23, ¶ I. If this relief were to be granted, the names of FSS members would be voluntarily disclosed to the Department, thereby belying Simmons's claim of privilege. Also, in *Simmons (Enoch) v. Perry, et al.*, No. 1:19-cv-00026 (Erie), Simmons expressed no reservations in providing the names of members of his religion. In that case, Simmons filed a motion for preliminary injunction asking the court to order the Pennsylvania Department of Corrections to make several religious accommodations for his religion, mostly pertaining to his request for a specialized diet. During a hearing on that motion, Simmons testified that he is the sole member of the FSS at his institution and that a total of nine

(9) members of his religion reside at various correctional institutions around the Commonwealth. By identifying himself as the only member of his religion currently incarcerated at SCI-Forest, Simmons has already disclosed information necessary to answer at least one of the interrogatories to which he objected in this matter.

Based on the foregoing, Simmons' objection to Defendants' interrogatories is **OVERRULED** and the Defendants' Motion to Compel Discovery [ECF No. 50] is **GRANTED**. Simmons is **ORDERED** to provide complete responses to the Defendants' written discovery requests within twenty (20) days of the date of this order.

So ordered.

/s/ Richard A. Lanzillo
_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

Entered this 10th day of June, 2019.