IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUGUSTUS SIMMONS, ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> ) <br> R. GILMORE, ET AL., ) <br> ) <br> Defendants ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 2:17-cv-00996 <br><br> RICHARD A. LANZILLO <br> UNITED STATES MAGISTRATE JUDGE <br><br> OPINION AND ORDER ON <br> PLAINTIFF'S MOTIONS <br> TO COMPEL [ECF No. 52, ECF No. 55] <br><br> PLAINTIFF'S MOTION FOR <br> CONFERENCE [ECF No. 53] |

Plaintiff Augustus Simmons, a prisoner in the custody of the Pennsylvania Department of Corrections, has initiated the instant civil case against various Defendants. *See* ECF No. 4. The incidents relevant to Simmons' case are claimed to have taken place at the State Correctional Institution at Forest.

Now pending before the Court is Simmons' "Motion to Compel Discovery of Plaintiff's Second Request for Production of Documents in Civil Action No. 17-996." ECF No. 55. For the reasons that follow, the motion will be **DENIED**.[1] Simmons has not demonstrated that the Defendants improperly withheld responsive materials. Furthermore, the Defendants have made a

---

[1] Simmons has also filed two additional motions: a motion to compel discovery response (ECF No. 52) and a motion for preliminary conference (ECF No. 53), both of which are DENIED. The motion to compel is denied as repetitive of the motion to compel filed at ECF No. 55. The motion for preliminary conference is construed as a motion requesting a settlement conference. Here, Simmons states that he "is interested in settling this matter and would like a [sic] opportunity to communicate such with the defendants in a preliminary conference." ECF No. 53, ¶ 1. The motion is denied at this time. However, the Plaintiff is directed to send a detailed settlement proposal stating what he believes would be necessary to resolve the remaining claims to Counsel for the Defendants. Upon receipt of the Plaintiff's proposal, Counsel for the Defendant is to notify the Court whether the Defendants will join in Plaintiff's request for a settlement conference.

1

compelling showing that their responses balanced Simmons' interest in receiving relevant, responsive information with the Department's interest in not needlessly disclosing sensitive materials that implicate important institutional security interests, or otherwise responding more fulsomely to discovery requests that seek information that is irrelevant to the claims in the case, or which are unduly burdensome.

I.  Standard of Review – Motions to Compel

If a party believes in good faith that another party has failed to respond adequately or appropriately to a discovery request, he may move for an order compelling disclosure or discovery. Federal Rule of Civil Procedure 37(a)(1). The rule specifically permits a party to file a motion to compel the production of documents. Fed. R. Civ. P. 37(a)(3)(iv). In this case, Simmons is seeking to compel further responses to document requests that he has propounded to the Department in support of his claims.

Rule 26(b), in turn, generally defines the scope of discovery permitted in a civil action, and prescribes certain limits to that discovery. That rule provides as follows:

> (b) Discovery Scope and Limits.
>
> > (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is considered to be "relevant 'if it has any tendency to make a fact more or less probable that it would be without the evidence' and 'the fact is of consequence

in determining the action.'" *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 2016 WL 3519618, at *3 (E.D. Pa. June 28, 2016) (quoting Fed. R. Evid. 401). Rulings regarding the proper scope of discovery, and the extent to which further discovery responses may be compelled, are matters committed to the court's judgment and discretion. *Robinson v. Folino*, 2016 WL 4678340, at *2 (W.D. Pa. Sept. 7, 2016) (citation omitted); *see also Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). "This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard: District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes." *Cartagena v. Service Source, Inc.*, 328 F.R.D. 139, 143 (M.D. Pa. Sept. 6, 2018) (citing *Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997))."[2]

Although decisions relating to the scope of discovery rest with the Court's discretion, that discretion is nevertheless limited by the scope of Rule 26 itself, which reaches only "nonprivileged matter that is relevant to any party's claim or defense." Accordingly, "[t]he Court's discretion in ruling on discovery issues is therefore restricted to valid claims of relevance and privilege." *Robinson*, 2016 WL 4678340, at *2 (citing *Jackson v. Beard*, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("[a]lthough the scope of relevance in discovery is far

---

[2] "District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter ..., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *see also Hasbrouck v. BankAmerica Hous. Servs.*, 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion)." *Halsey v. Pfeiffer*, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

broader than that allowed for evidentiary purposes, it is not without its limits... . Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")). *See also Mercaldo v. Wetzel*, 2016 WL 5851958, at *4 (M.D. Pa. Oct. 6, 2016); *Smith v. Rogers*, 2017 WL 544598 (W.D. Pa. Feb. 9, 2017).

Simmons, as the moving party, "bears the initial burden of showing the relevance of the requested information." *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that burden is satisfied, the party resisting the discovery has the burden to establish that the discovery being sought is not relevant or is otherwise inappropriate. *Robinson*, 2016 WL 4678340, at *2. The Court will review the disputed requests for production in turn.

II. Items Requested for Production

Simmons seeks the following discovery through the productions of documents from the Defendants:

a. Information regarding inmate Dwayne Watts, including that inmate's security file, reports, investigations, admissions and the reasons for that inmate's placement in the STGMU[3];

b. Copies of the Department's Security Facility Policy, Policy 6.3.1; and Department Policy 6.5.1;

c. Investigatory reports regarding certain grievances;

d. Medical reports;

c. Psychiatric examination reports;

---
[3] Strategic Threat Group Management Unit. *See, e.g., Enoch v. Perry*, 2019 WL 2393783, *4 (W.D. Pa. June 6, 2019).

d. Various prison records, including "X17 reports," summaries, block cards, daily reports, and incident reports from 2016-2017 while Plaintiff was at SCI-Greene;

e. Prison records such as DC-141 and DC-121 summary investigation reports;

f. In-cell video of FB7 cell at SCI-Greene while the Plaintiff was housed there, as well as video of cell FB2;

g. Reports of abuse made against various Department employees;

h. Restricted Release Annual Review sheets;

i. Visitor logs from the RHU from 2012 to 2019;

j. The complete security records from 2009 to 2018;

k. Video evidence related to Simmons' misconduct B437660;

l. The job description and duties for the Psychiatric Assistant employees within the Department;

m. A "clear version" of Corrections Officer Brooks' account of events via an affidavit.

To summarize then, Simmons seeks production of the following types of information: information concerning other inmates; copies of Departmental Policies and internal reports; medical and mental health records; and an affidavit from a nonparty. The Defendants have lodged several objections to producing these documents. *See generally* ECF No.55-2. The Court finds the Defendants' objections to be well-taken and will deny Simmons' motion to compel.

III. Discussion

A hearing on the Plaintiff's motion was held on June 25, 2019. The Court resolves these discovery disputes as follows:

| Item requested by Plaintiff for production | Nature of Defendants' objection | Plaintiff's Reply/Argument | Ruling |
|---|---|---|---|
| Security file, investigations, admissions, and reasons for placement in the STGMU of inmate Dwayne Watts. | Relevance. Plaintiff seeks prohibited information on other inmates, seeks confidential information that could put the safety and security of the prison in jeopardy | Watts has signed a declaration to testify as a witness and supply supporting facts for Plaintiff's case, Watts records will show the difference between an active gang member (Watts) and an inactive gang member (Simmons, since August, 2016); Plaintiff contends that the Defendants opened the door to allow him to review any security filings by claiming he is a member/leader of a gang. | The Motion to compel is **DENIED**. The information concerning other inmates is prohibited per DOC policy. *See, e.g., Sloan v. Murray*, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) (denying motion to compel grievance responses that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another); *Torres v. Harris*, 2019 WL 265804, *1 (M.D. Pa. Jan. 18, 2019). |
| Department Policies 6.3.1 (Facility Security) and 6.5.1 (Security Level S Housing Unit Policy) | Plaintiff seeks confidential information that could put the safety and security of the prison in jeopardy. | Without this argument Plaintiff will be unable to build an adequate and fair argument pertaining to staff misconduct. | The motion to compel is **DENIED**. This information is not discoverable. *See Rosa-Diaz v. Harry*, 2018 WL 6322967 (M.D. Pa. Dec. 4, 2018); *Coit v. Garman*, 2018 WL 3818853, *2 (M.D. Pa. Aug. 10, 2018). |
| Grievance Investigation Reports – independent investigation reports, notes completed by staff | The request for production is vague, the term "investigation reports" is undefined; Defendants provided Plaintiff with copies of the grievance records | Defendants are playing "word games." | The Motion to Compel production of this material is **DENIED** as **MOOT**. Counsel for the Defendants has indicated he will contact the prison in an attempt to secure any other information |

6

| Item requested by Plaintiff for production | Nature of Defendants' objection | Plaintiff's Reply/Argument | Ruling |
|---|---|---|---|
| | | | relating to the Grievance at issue. In the event there is additional information available, it will be forwarded to the Plaintiff. |
| Plaintiff's medical, dental, and psychiatric/mental health records. | The request for production is vague, overbroad, unduly burdensome, not proportional to the needs of this case; relevancy, Plaintiff seeks confidential information that could put the safety and security of the prison in jeopardy; inmates are not privy to mental health records for reasons of security and to ensure that programming and treatment are not compromised. | The records are relevant because Plaintiff is pursuing a claim against medical staff and is attempting to prove personal damage as a result of his confinement in the RHU. | The Motion to Compel is **DENIED**. Counsel for the Defendants stated that the Plaintiff's medical records have been provided to him. As to mental health records specifically, the Court agrees that the security concerns related to the production of any mental health records are justified. *See Carter v. Baumcratz*, 2019 WL 652322, *2 (W.D. Pa. Feb. 15, 2019) (citing *Banks v. Beard*, 2013 WL 3773837, at *3 (M.D. Pa. July 17, 2013) ("With respect to the mental health records, were they made available to inmates or the public, DOC professionals would tend to refrain from entering candid opinions and evaluations. Consequently, decision-makers would not have the benefit of honest |

| Item requested by Plaintiff for production | Nature of Defendants' objection | Plaintiff's Reply/Argument | Ruling |
|---|---|---|---|
| | | | observations from professionals in the field. Moreover, if an inmate knows how DOC staff will evaluate him and how particular behaviors are likely to be interpreted, he is capable of manipulating the resulting determination, which could lead to inaccurate assessments, improper institutional placements, and possible premature release from custody. Based on the foregoing, defendants will not be compelled to produce any portion of plaintiff's mental health record."). |
| X17 Reports, summary, block cards, daily reports, incident reports, yard, etc., from 2016 to 2017 while Plaintiff was at SCI-Greene | Plaintiff's requested documents are not relevant. Further, the Defendants have provided these documents to the Plaintiff for 2017. | The requested documents will reveal the contradictions, misconducts, and manipulations by staff to abuse the Plaintiff as well as their attempts to cover up the denial of his haircuts. | The Motion to Compel is **DENIED.** The requested material from 2017 was provided to the Plaintiff. The material from 2016 predates his claims in this case and is not relevant. |
| DC-141, B937660, DC-121, summary of investigation and report by correctional supervisor | Defendants maintain that this request is vague. They do not understand what is being requested. In an attempt to | Plaintiff contends that the DC-121 is the summary of investigations report made by staff and gives more detail to | The motion to compel is **DENIED.** As noted above, Counsel for the Defendant will contact the prison to |

8

| Item requested by Plaintiff for production | Nature of Defendants' objection | Plaintiff's Reply/Argument | Ruling |
|---|---|---|---|
| | respond, they provided the Plaintiff with the requested misconduct report. | the investigation done by the supervising staff to determine credibility of the misconduct report. | determine if any other information is available regarding the grievance in question. |
| Video of cell FB7 at SCI Greene on each date Plaintiff was kept in his cell | The request is vague, overbroad, unduly burdensome. It is not proportional to the needs of the case and is irrelevant. | Plaintiff argues that this is not a vague request: video will show that the staff never turned the lights off and P was kept in his cell with the lights on twenty-four hours a day, seven days a week. | The Court agrees. The Motion to Compel is **DENIED**. The request does not specify a date and time of the recording requested. It is also unduly burdensome for the Defendants to produced video recordings of the entirety of Plaintiff's time at SCI-Green. |
| Video of cell FB2 at SCI Greene on date Plaintiff was kept in his cell | This request is vague, overbroad, unduly burdensome, and not proportional to the needs of the case. Further, it is irrelevant. | Plaintiff argues that this is not a vague request: video will show that the staff never turned the lights off and Plaintiff was kept in his cell with the lights on twenty-for hours a day, seven days. a week. | The Court agrees. The Motion to Compel is **DENIED**. The request does not specify a date and time of the recording requested. It is also unduly burdensome for the Defendants to produced video recordings of the entirety of Plaintiff's time at SCI-Green. |
| All reports of abuse made against c/p Core, Gillespie, Hennessey, Albonde, Yourkin, Kennedy, while at SCI-Green | Defendants argue that this request is vague, overbroad, unduly burdensome, not proportional to the burden and expense on Defendants in searching for and producing the documents. They contend further that material would | Plaintiff argues that this provides him with relevant evidence of Defendants' prior bad acts that could correlate with the allegations of his claims. | The Motion to Compel is **DENIED**. Prior bad acts are inadmissible. *See Summers v. Wetzel*, 2018 WL 6112066, *7 (E.D. Pa. April 30, 2015). Further, because the requested information would contain information about other inmates, |

| Item requested by Plaintiff for production | Nature of Defendants' objection | Plaintiff's Reply/Argument | Ruling |
|---|---|---|---|
| | contain confidential information about other inmates to which the Plaintiff is not entitled | | it is confidential and not discoverable. *See, e.g., Allen v. Eckard*, 2019 WL 1099001, *3-4 (M.D. Pa. March 8, 2019). |
| Plaintiff's restricted annual review sheet for SCI-Greene from 2016-2017 | Defendants' argue that this request seeks confidential information, could jeopardize safety and security, seeks mental health treatment records, and is irrelevant. | Plaintiff argues that the requested information will provide relevant mental health information that "shall be credible facts to support Plaintiff's mental health claims of deliberate indifference" | The Motion to Compel is **DENIED**. *See, e.g., Allen v. Eckard*, 2019 WL 1099001, *4 (M.D. Pa. March 8, 2019). |
| Plaintiff asks for population records and visitor logs from 2012 to 2019 while he was in the RHU. | Defendants' argue that this request is overbroad, vague, and not proportional to the needs of the case. They also contend it is irrelevant. | Plaintiff acknowledges that request is overbroad, but not burdensome because he has only had 1 visitor in 8 years. He claims to need these records to correlate mental health, psychology about his family while he was in the RHU | The Motion to Compel is **DENIED**. *See, e.g., Rister v. Lamas*, 2012 WL 3758092, *4 (M.D. Pa. Aug. 28., 2012). The Court agrees that his request for seven years of visitor and population logs is unduly burdensome. |
| Plaintiff requests full and complete security records from 2009 to 2018. | Defendants counter that this request is overbroad, vague, not proportional, relevance, and seeks confidential information that could affect safety and security. | Plaintiff argues that because the Defendants accuse him of gang affiliation via religious beliefs, the security record must be examined to challenge that accusation. | The Motion to Compel is **DENIED**. Allowing Plaintiff access to such information would obviously create a substantial security risk. *See Bracey v. Price*, 2012 WL 849865, *3 (W.D. Pa. March 13, 2012) (citing *Paluch v.* |

| Item requested by Plaintiff for production | Nature of Defendants' objection | Plaintiff's Reply/Argument | Ruling |
|---|---|---|---|
| | | | *Dawson*, 2007 WL 4375937 (M.D. Pa. Dec. 12, 2007). |
| Video evidence of misconduct charge B937660 | The Defendants submit that no video exists to comply with this request. | Plaintiff argues that the Video should have been preserved. | The Motion to Compel is **DENIED.** The Defendants cannot produce what does not exist. *Cooper v. Sherman*, 2018 WL 5841752 *5 (M.D. Pa. Nov. 8, 2018); *Cotton v. Campbell*, 2016 WL 2742386, *2 (D. Del. May 10, 2016). |
| Plaintiff asks for documents relating to PSA Chriovitti's duties, qualifications, and employment position/status. | Defendants contend that this request is irrelevant, not proportional, confidential information which could jeopardize safety and security. | Plaintiff counters that the requested documents are relevant to the lack of mental health treatment provided, and that the information needed to show mandated duty and obligations of this Defendant. | The Motion to Compel is **DENIED.** Per DOC policy, inmates are not entitled to confidential information of Department employees. *See, e.g., Johnson v. Miskell*, 2017 WL 3701784, *3 (M.D. Pa. Aug. 28, 2017). |
| PSA (psychologist secretary assistant) duties, obligations, and job descriptions | Relevancy, not proportional, confidential information which could jeopardize safety and security | Relevant to the lack of mental health treatment provided, information needed to show mandated duty and obligations | The Motion to Compel is **DENIED.** Per DOC policy, inmates are not entitled to confidential information of Department employees. *See, e.g., Johnson v. Miskell*, 2017 WL 3701784, *3 (M.D. Pa. Aug. 28, 2017). |
| A clear version of c/o Brooks account of | Defendants object to this request as | Plaintiff maintains that the misconduct | The Motion to Compel is **DENIED.** |

11

| Item requested by Plaintiff for production | Nature of Defendants' objection | Plaintiff's Reply/Argument | Ruling |
|---|---|---|---|
| events that took place on B937660 via affidavit | irrelevant, arguing that the written misconduct document speaks for itself. | report is vague, and only relies on misconduct charges for any real narrative or text. He wants the CO to state in writing the events that he witnessed. | The Defendants have provided the Plaintiff with the misconduct report. A Department employee cannot be compelled to file an affidavit. |

As the Court explained to the Plaintiff at the hearing, he may propound written discovery upon the Defendants' requesting that they produce any evidence upon which they rely as support for their position that he is engaged in gang activity or that his religion is a pretext for gang activity or organization. Such discovery also may request that Defendants identify any person with knowledge of facts relating to these subjects and that Defendants summarize the factual knowledge of each person identified. Further, as was also explained to the Plaintiff, in opposing any motion for summary judgment that may be filed in this case, he may file his own declaration, which will be considered as evidence to the extent it is based upon his own personal knowledge. *See, e.g., Lee v. Warden C. Link*, 2019 WL 2504075, *7 n.11 (E.D. Pa. June 13, 2019) (citing *Marten v. Burns*, 2015 WL 1431079, *4-5 (W.D. Pa. March 27, 2015) (denying summary judgment where plaintiff produced affidavits from fellow inmates, his own declaration, defendants' responses to requests for admission, and a letter plaintiff wrote to the superintendent describing blind spots); *Wilson v. Ebbert*, 2019 WL 160349, *5 n.2 (M.D. Pa. April 16, 2019).

III. Conclusion

In light of the foregoing the Plaintiff's Motion to Compel [ECF No. 55] is **DENIED**.

So ordered.

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

Entered this 26th day of June, 2019.