# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUGUSTUS SIMMONS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:17-cv-996 |
| R. GILMORE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This matter comes before the Court on an appeal by Plaintiff Augustus Simmons from the Magistrate Judge's Order, entered on June 10, 2019, granting the Defendants' motion to compel responses to their first set of interrogatories. ECF No. 56.[1] Plaintiff is a prisoner, currently confined at the State Correctional Institution at Forest, who filed this civil action to redress, among other things, alleged violations of his religious rights. Plaintiff is alleged to be a high-ranking gang member who purportedly founded a religion known as the "Fellowship of Spiritual Science." *See* ECF No. 50, ¶2; ECF No. 56 at 1. As set forth in their motion to compel, Defendant suspect that Plaintiff may be using his "religion" as "an attempt at gang leadership." ECF No. 50, ¶2. "If so," Defendants explain, then Plaintiff's religious beliefs are not "sincerely held" and the Defendants would have a compelling governmental interest in restricting it. *Id*.

In light of these concerns, Defendants served interrogatories upon Plaintiff seeking the names and inmate numbers of fellow prisoners whom Plaintiff has converted or sought to convert to his "religion." Id. ¶3. Plaintiff refused to answer the Defendants' interrogatories, claiming that he is "sworn" to keep such information confidential. ECF No. 50-3 at 4.

---

[1] Although Plaintiff's filing is styled as an appeal of a collateral order to the United States Court of Appeals for the Third Circuit, it was docketed as an appeal to this Court, and the undersigned construes it as such.

1

In his June 10, 2019 Order, United States Magistrate Judge Richard A. Lanzillo assumed that Plaintiff may be asserting the clergy-communicant privilege, which protects "communications made (1) to a clergy person (2) in his or her spiritual capacity (3) with a reasonable expectation of confidentiality." *See* ECF No. 56 at 2 (citing *In re Grand Jury Investigation,* 918 F.2d 374, 384 (3d Cir. 1990)). Judge Lanzillo found that Plaintiff did not meet his burden of proving the applicability of this privilege. *Id*. at 2-3. Further, the Magistrate Judge found that Plaintiff's current objection is contrary to the relief he has sought in this case as well as the positions he has taken in other litigation before this Court. *Id*. at 3-4. Consequently, Judge Lanzillo overruled Plaintiff's objection to Defendants' interrogatories and granted the Defendants' motion to compel answers. *Id.* at 4. Plaintiff then filed this appeal, arguing that the sought-after information constitutes "privileged clerical information." ECF No. 58.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine most non-dispositive pretrial matters. A district judge may reconsider these determinations on appeal if the decision was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *N.L.R.B. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

"District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc*., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter..., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.,* 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and*

*Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *see also Barnard v. Liberty Mut. Ins. Corp.*, No. 3:18-CV-01218, 2019 WL 461510, at *2 (M.D. Pa. Feb. 6, 2019).

Here, the Magistrate Judge acted well within his discretion in determining that the subject information was discoverable and granting the Defendants' motion to compel. Although Plaintiff indicates his disagreement with the Magistrate Judge's ruling, he sets forth nothing in his appeal papers to demonstrate that the Magistrate Judge's decision constituted an abuse of his discretion, was clearly erroneous or was otherwise contrary to law. Accordingly,

IT IS HEREBY ORDERED, this 28th day of June, 2019, that Plaintiff's appeal is DENIED and the Order entered by Magistrate Judge Richard A. Lanzillo on June 20, 2019, ECF NO. [56], is AFFIRMED.

_____
SUSAN PARADISE BAXTER
United States District Judge