IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUGUSTUS SIMMONS, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 2:17-cv-00996 |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| R. GILMORE, ET AL., | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| Defendants | ) | |
| | ) | OMNIBUS ORDER ON PLAINTIFF'S |
| | ) | MOTIONS TO COMPEL; MOTION FOR |
| | ) | THE APPOINTMENT OF COUNSEL |
| | ) | |
| | ) | ECF No. 65 (Motion to Compel responses to |
| | ) | interrogatories by Correctional Officer |
| | ) | Carter) |
| | ) | |
| | ) | ECF No. 66 (Motion to Compel first request |
| | ) | for admission of Defendant Chiovitti) |
| | ) | |
| | ) | ECF No. 67 (Motion to Compel production |
| | ) | of Documents) |
| | ) | |
| | ) | ECF No. 68 (Motion for the Appointment of |
| | ) | Counsel) |

Plaintiff Augustus Simmons (Simmons or Plaintiff), a prisoner in the custody of the Pennsylvania Department of Corrections, has initiated the instant civil case against various Defendants. *See* ECF No. 4. Now pending before the Court are another round of discovery-related motions filed by the Plaintiff: a motion to compel answers to interrogatories posed to Defendant Correctional Officer Carter (ECF No. 65); a motion to compel admissions by Defendant Chiovitti (ECF No. 66); and a Motion to Compel the production of certain documents (ECF No. 67). Simmons has also filed a Motion for the Appointment of Counsel. ECF No. 68. For the reasons that follow, all of these motions will be **DENIED**. Simmons has not

1

demonstrated that the Defendants improperly withheld responsive materials. Furthermore, the Defendants have made a compelling showing that their responses balanced Simmons' interest in receiving relevant, responsive information with the Department's interest in not needlessly disclosing sensitive materials that implicate important institutional security interests, or otherwise responding more fulsomely to discovery requests that seek information that is irrelevant to the claims in the case, or which are unduly burdensome. He has also failed to demonstrate the need for the appointment of counsel at this time.

I.  Standard of Review – Motions to Compel

If a party believes in good faith that another party has failed to respond adequately or appropriately to a discovery request, he may move for an order compelling disclosure or discovery. Federal Rule of Civil Procedure 37(a)(1). The rule specifically permits a party to file a motion to compel the production of documents. Fed. R. Civ. P. 37(a)(3)(iv). In this case, Simmons is seeking to compel further responses to document requests that he has propounded to the Department in support of his claims.

Rule 26(b), in turn, generally defines the scope of discovery permitted in a civil action, and prescribes certain limits to that discovery. That rule provides as follows:

> (b) Discovery Scope and Limits.
>
> > (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is considered to be "relevant 'if it has any tendency to make a fact more or less probable that it would be without the evidence' and 'the fact is of consequence in determining the action.'" *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 2016 WL 3519618, at *3 (E.D. Pa. June 28, 2016) (quoting Fed. R. Evid. 401). Rulings regarding the proper scope of discovery, and the extent to which further discovery responses may be compelled, are matters committed to the court's judgment and discretion. *Robinson v. Folino*, 2016 WL 4678340, at *2 (W.D. Pa. Sept. 7, 2016) (citation omitted); *see also Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). "This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard: District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes." *Cartagena v. Service Source, Inc.*, 328 F.R.D. 139, 143 (M.D. Pa. Sept. 6, 2018) (citing *Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997))."[1]

Although decisions relating to the scope of discovery rest with the Court's discretion, that discretion is nevertheless limited by the scope of Rule 26 itself, which reaches only "nonprivileged matter that is relevant to any party's claim or defense." Accordingly, "[t]he Court's discretion in ruling on discovery issues is therefore restricted to valid claims of relevance

---

[1] "District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter ..., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *see also Hasbrouck v. BankAmerica Hous. Servs.*, 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion)." *Halsey v. Pfeiffer*, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

3

and privilege." *Robinson*, 2016 WL 4678340, at *2 (citing *Jackson v. Beard*, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("[a]lthough the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits.... Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")). *See also Mercaldo v. Wetzel*, 2016 WL 5851958, at *4 (M.D. Pa. Oct. 6, 2016); *Smith v. Rogers*, 2017 WL 544598 (W.D. Pa. Feb. 9, 2017).

Simmons, as the moving party, "bears the initial burden of showing the relevance of the requested information." *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that burden is satisfied, the party resisting the discovery has the burden to establish that the discovery being sought is not relevant or is otherwise inappropriate. *Robinson*, 2016 WL 4678340, at *2. The Court will review the disputed requests for production in turn.

II.  Motion to Compel Answers to Interrogatories (ECF No. 65)

Simmons asks the Court to compel Correctional Officer Carter to answer three interrogatories to which Carter has objected. *See* ECF No. 72 at 1. First, Simmons asks Carter "What specifically is the procedure to [sic] recording daily activity on the units?" ECF No. 65 at 1. Carter objected to answering this query, maintaining that it was vague, overbroad, and not proportional to the needs of the case. ECF No. 72 at 1. He further objects, noting that prison personnel often deal with security measures as part of their "daily activity," and that such measures are confidential and not discoverable. *Id.* The Court agrees that the Plaintiff's request for a recap of "daily activity" on the unit is all of those things. Defendant Carter's objection is sustained the Motion to Compel is denied.

4

Next, Simmons asks Defendant Carter to "name all requests, activities, events, hearings, and actions that would be deemed a recorded conduct or action when interacting with inmates." ECF No. 65, p. 2. Defendant Carter objected to this inquiry, arguing that the request seeks information about other inmates and therefore any response is privileges, confidential, and implicates prison security and privacy concerns. ECF No. 72, p. 2. Providing information which concerns other inmates to another inmate is prohibited per DOC policy. *See, e.g., Sloan v. Murray,* 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) (denying motion to compel grievance responses that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another); *Torres v. Harris,* 2019 WL 265804, *1 (M.D. Pa. Jan. 18, 2019). The Defendants' objection is sustained and the Motion to Compel is denied.

Finally, Simmons asks Defendant Carter to "name all inmates and their numbers that were on F-unit at the time of the named events in the Civil Complaint." ECF No. 65, p. 2. Simmons argues that he needs this information because such inmates may be potential witnesses. *Id.* Defendant Carter objected, arguing that it would be unduly burdensome, indeed, almost impossible to identify "all inmates" who were on the unit during the extended time period covered by the allegation in the Complaint. ECF No. 72, p. 2. Such broad identification of other inmates is not properly discoverable in the context of this case. The Court agrees with the Defendant. This request is overbroad and asks for information concerning the activities of other inmates, the relevancy of which, if any, is substantially outweighed by the burden of production, confidentiality, and proportionality considerations. *See Torres v. Harris,* 2019 WL 265804, *1 (M.D. Pa. Jan. 18, 2019). The objection is sustained and the motion to compel this information is denied.

III. Motion to Compel Requests for Admissions form Defendant Chiovitti (ECF No. 66)

Next, Simmons seeks an order compelling Defendant Chiovitti to produce certain requested documents. Chiovitti has raised various objections to these requests. Upon review, Simmons' requests are more appropriately characterized as interrogatories than requests for production of documents.

Simmons challenges Chiovitti's responses to two questions: numbers 5 and 6. At question 5, he asks Chiovitti whether the Defendant was "aware of the psychological injury caused by long-term confinement in a cell that has a light on 24/7 with no switch?" ECF No. 66, p. 1. Defendant Chiovitti objects to this inquiry, arguing that it is vague, overly broad, and not relevant to the claim at issue herein, the alleged deliberate indifference to his mental health needs. The Court agrees with the Defendant, particularly on relevance grounds. In this litigation, Simmons has not raised a claim relating to his confinement. Instead, he brings claims of deliberate indifference to his mental health needs under the Eighth Amendment and other provisions of the United States Constitution. Therefore, the objection is sustained and the Plaintiff's motion to compel is denied.

Defendant Chiovitti also objected to Simmons inquiry "would you report this kind of psychological abuse if you witnessed an inmate in a cell with no lights on 24/7 for months at a time without cause?" *Id.* at pp. 1-2. As there is no issue raised in this case regarding the conditions of confinement, this query is irrelevant and the motion to compel its answer is denied.

IV. Motion to Compel Plaintiff's Second Request for Production of Documents (ECF No. 67)

At ECF No. 67, Simmons has filed a motion seeking to compel responses to his second request for production of documents. Defendants have indicated that they will provide (or have already provided) many of the items Simmons requests. First, the Defendants will provide him

with a copy of Staff Development and Training Manual 5.1.1 as Simmons has requested. ECF No. 72, p. 3. Second, Defendants will provide Simmons with a copy of the 2017 Code of Ethics, negating his request. *Id.*

Simmons requests part of Department of Corrections Policy 6.5.1. But this information is confidential and this Court has so held. Thus, the motion to compel the production of this policy is DENIED. This information is not discoverable. *See Rosa-Diaz v. Harry*, 2018 WL 6322967 (M.D. Pa. Dec. 4, 2018); *Coit v. Garman*, 2018 WL 3818853, *2 (M.D. Pa. Aug. 10, 2018).

Next, Simmons seeks production of Defendant Chiovitti's personnel records as well as records of any grievances filed against her. ECF No. 67, p. 4. This information is not discoverable because it is confidential, contains information about other inmates, and would create a security risk for Defendant Chiovitti. *See, e.g., Allen v. Eckard*, 2019 WL 1099001, *3-4 (M.D. Pa. March 8, 2019). Thus, the Defendants' objection is sustained and the motion to compel production of this information is denied.

Simmons next seeks production of emails from various individuals which may be related to "Plaintiff referenced in relation to any events complaints, grievances, reports, allegations, investigations, or misconduct." ECF No. 67, p. 3. Defendants object, saying that such a request is "obviously overbroad," among other objections. ECF No. 72, p. 4. The Court agrees. This request is significantly overbroad. And any such emails may contain information that is irrelevant, beyond the scope of this litigation, and that creates a security risk to prison personnel and/or other inmates. *See Bracey v. Price*, 2012 WL 849865, *3 (W.D. Pa. March 13, 2012) (citing *Paluch v. Dawson*, 2007 WL 4375937 (M.D. Pa. Dec. 12, 2007). For those reason, the objection is sustained and the motion to compel this information is denied.

Lastly, Simmons asks for copies of his mental health records from "one-on-one meetings [with] PSS Chiovitti conducted with Plaintiff while at SCI Greene." ECF No. 67, pp. 5-6. He further explains that he does not want the records themselves, but only "logs, records, and reviews that are filed and sent via inmate mail to prisoners." *Id.* at p. 5. Counsel for the Defendants, after consultation with Defendant Chiovitti, has stated that no such "logs, records, and reviews" exist and thus, none can be produced. Further, the Court notes that mental health records, in any event, are confidential, pose a valid security risk, and not typically discoverable. *See Carter v. Baumcratz*, 2019 WL 652322, *2 (W.D. Pa. Feb. 15, 2019) (citing *Banks v. Beard*, 2013 WL 3773837, at *3 (M.D. Pa. July 17, 2013) ("With respect to the mental health records, were they made available to inmates or the public, DOC professionals would tend to refrain from entering candid opinions and evaluations. Consequently, decision-makers would not have the benefit of honest observations from professionals in the field. Moreover, if an inmate knows how DOC staff will evaluate him and how particular behaviors are likely to be interpreted, he is capable of manipulating the resulting determination, which could lead to inaccurate assessments, improper institutional placements, and possible premature release from custody. Based on the foregoing, defendants will not be compelled to produce any portion of plaintiff's mental health record."). Thus, the Defendants' objection to the production of this information is sustained and the Motion to Compel is denied.

V.  Motion for the Appointment of Counsel (ECF No. 68).

Simmons has filed a Motion for the Appointment of Counsel. ECF No. 68. This is the Plaintiff's second motion seeking the appointment of counsel. See ECF No. 39. Upon due consideration, that motion is denied.

    A.    Standard of Review

In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the Third Circuit identified factors to be considered by the district courts in exercising their discretion whether to "appoint" counsel pursuant to 28 U.S.C. § 1915(d). These factors have been affirmed many times as the appropriate bases for review. *See, e.g., Montgomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002). "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and in law." *Tabron* at 155. The court should not appoint counsel unless it appears that the claim has some merit. *Id.* Provided that this consideration is satisfied, the court must then consider the following factors to determine whether to appoint counsel:

1. the plaintiff's ability to present his or her own case;

2. the difficulty of the particular legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

5. the extent to which a case is likely to turn on credibility determinations, and;

6. whether the case will require testimony from expert witnesses.

*Montgomery*, at 499 (quoting *Tabron* at 155-157).

The Third Circuit has also recognized that there are significant practical restraints on the district court's ability to "appoint" counsel, including: "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron*, 6 F.3d at 157. Additionally, there are many cases in which district courts attempt to appoint counsel but find no attorney willing to accept the appointment:

9

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive filed, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decision in the area.

*Id.* at 157 n. 7. The *Tabron* Court also recognized that volunteer lawyer time is extremely valuable and a district court should not request counsel under § 1915 indiscriminately: Volunteer lawyer time is a precious commodity ... Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste. *Id.* at 157.

While this Court would undoubtedly benefit from having capable, experienced counsel available to assist and advise all prisoners before they file suit and to represent all prisoner plaintiffs who survive dismissal (under 28 U.S.C. § 1915(e) or for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure), there are simply not enough attorneys in this District who are willing to undertake such representation. In addition to the factors discussed by the Court of Appeals, this Court recognizes other factors that dissuade attorneys from representing prisoners. Simply interviewing a prisoner client requires a trip to a prison, sometimes at a great distance from the lawyer's office, and frequently a long wait at the prison until the prisoner can be produced for the interview.

The number of attorneys in this District who are available to volunteer to represent prisoners is limited while the number of prisoners who request counsel is high. Moreover, the Erie division of this District does not have a referral system in place, as does the Pittsburgh

10

division, and few attorneys in the local Bar have expressed a willingness to handle these cases. Therefore, this Court must carefully consider all the factors identified by the Court of Appeals as well as any other considerations related to the specific case in exercising its discretion when considering a motion for the "appointment" of counsel.

B.  Analysis

In his pro se complaint, Plaintiff alleges claims of deliberate indifference in violation of the Eighth Amendment, as well as claims under the Fourteenth Amendment. At this stage of the litigation, it is too early to tell whether these claims have any merit. For purposes of this motion, however, the Court will assume that Plaintiff's claims are potentially meritorious and address his request pursuant to the six *Tabron* factors.

1.  Ability to Present His Case

The first factor – the plaintiff's ability to present his own case – weighs against appointment of counsel. Plaintiff's submissions to the Court demonstrate that he is both literate and articulate. He reads, writes, and understands English very well, as evidenced by his numerous filings. His Complaint is handwritten in neat, legible script, demonstrates an understanding of the basis for his claims, and cites the constitutional rights which he believes have been violated. Although not a professional or expert in the law, his filings evidence a basic understanding of the law and an ability to write cogently and coherently. Moreover, there is no evidence that Simmons was not the person responsible for drafting the filings currently on the docket.

As concerns the instant motions and as noted above, Simmons has filed numerous and detailed motions relating to discovery disputes he has with the Defendants. Each of these filings suggests that Simmons possesses the ability to present his own case, particularly at this stage in the litigation. *See Montgomery*, 294 F.3d at 501 (identifying several factors to consider with respect to a plaintiff's ability to present his case, including: "the plaintiff's education, literacy, prior work experience, and prior litigation experience, along with a plaintiff's ability to

understand English and the restraints placed upon a prisoner plaintiff by confinement."). There is no indication from the quality of his filings to date that he will be unable to present his case.

2. Difficulty of Legal Issues

In cases involving complicated issues, courts should be "more inclined to appoint counsel." *Tabron*, 6 F.3d at 156. Although it is early in this litigation, Simmons's claims do not appear to present any particularly difficult legal issues. Indeed, Simmons raises standard claims within the context of prison litigation. The issues not necessarily complex. Consequently, the second *Tabron* factor also weighs against appointment of counsel.

3. Remaining *Tabron* Factors

Any concern on Simmons's part about the need for counsel to assist in discovery is premature at this time in light of the pending motion to dismiss. Accordingly, his motion for appointment of counsel will be denied, but without prejudice. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed. Further, the Court notes that practically every case that proceeds to discovery involves a reasonable amount of factual investigation. *See Tabron*, 6 F.3d at 156–57. On the other hand, it is not yet known whether the case is likely to turn on credibility determinations. *Id.*

In light of the foregoing, the Court concludes that the Tabron factors weigh against the appointment of counsel at this stage in the litigation. Plaintiff's Motion for Appointment of Counsel (ECF No. 68) is therefore DENIED, without prejudice to reexamining this issue as the litigation progresses.

VI. Conclusion

In light of the foregoing the Plaintiff's Motions to Compel (ECF Nos. 65, 66, and 67) are DENIED. Plaintiff's Motion for the Appointment of Counsel (ECF No. 68) is also DENIED.

So ordered.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　RICHARD A. LANZILLO
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Entered this 21st day of August, 2019.