IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUGUSTUS SIMMONS, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 2:17-cv-00996 |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| R. GILMORE, ET AL., | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| Defendants | ) | |
| | ) | MEMORANDUM OPINION ON |
| | ) | DEFENDANTS' MOTION FOR |
| | ) | SANCTIONS |
| | ) | |
| | ) | ECF NO. 99 |

Before the Court is Defendant's Motion for Sanctions.  ECF No. 99.  For the reasons that follow, the motion will be granted in part and denied in part.[1]

I.      Introduction

On August 7, 2017, Plaintiff Augustus Simmons (Simmons) filed a Complaint against several officials and employees (Defendants) of the Pennsylvania Department of Corrections (DOC).[2]  ECF No. 4.  Simmons is an inmate currently housed at the State Correctional Institution at Coal Township (SCI-Coal Township).  His Complaint, and subsequent amendments and supplements to it concern events that took place while Simmons was incarcerated at the State Correctional Institution at Forest (SCI-Forest).  *Id.  See also* ECF Nos. 46 and 80.

After Defendants filed a motion for summary judgment (ECF No. 82) and Simmons filed his response in opposition to the summary judgment motion, Defendants notified the Court that

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case.  See ECF Nos. 23, 24, 31, and 40.

[2] In filing his initial Complaint, Simmons called himself "Augustus Simmons Enoch," and at times styles himself as the "Reverend August Simmons Enoch" in other filings.  *See, e.g.,* ECF Nos. 5, 50, 68.  Even so, the Court will refer to him as "Augustus Simmons" or "Simmons" because a review of the DOC's inmate locator service does not yield results for anyone named "Augustus Simmons Enoch."  *See* http://inmatelocator.cor.pa.gov (last consulted on May 29, 2020).  The Defendants also refer to him by that name.

Simmons had filed a forged and fraudulent document as part of his opposition record.  *See* ECF No. 99, p. 3.  They argue that in doing so, Simmons committed a fraud upon this Court and urge the dismissal of this litigation as a sanction.  The Court construed that filing as a motion for sanctions and will begin with that serious allegation.

II.      Alleged Fraudulent Filing

In response to Defendants' summary judgment argument that he failed to exhaust his administrative remedies before suing in federal court, Simmons included several pages of grievance filings.  *See* ECF No. 96, pp. 40-41, 59-67, 70-71.  At page 71, Simmons filed a "request slip" addressed to Tracy Shawley, a staff member at SCI-Forest.[3]  This document purported to be a list of grievances and a handwritten reply from Shawley confirming "no responces by staff" (misspelling in the original), followed by a signature that is indecipherable.  This handwritten reply appears in the section of the form with a heading "Response: (This Section for Staff Response Only)."  *Id.* Defendants contend that the portion of this document represented as Shawley's response and signature is a forgery.  In their Reply, Defendants attached an affidavit from Tracy Shawley in which she attested that:

1.      She is employed by the DOC as the Superintendent's Assistant;
2.      She reviewed the request slip at issue; and
3.      The form is not completed in her handwriting, contains misspelled words, and the purported signature on the form is not hers.[4]

ECF No. 99-1, ¶¶ 1-4.

---

[3] Simmons originally named Ms. Shawley as a defendant in this action but she was terminated as such after Simmons failed to name her as a defendant in his Amended Complaint.  *See* ECF No. 46.

[4] That document misspells the word "response" as "responce."  ECF No. 96, p.71.  Simmons has misspelled this word in various other documents.  *See, e.g.*, ECF No. 46, ¶¶ 6, 8; ECF No. 55, ¶ 7; ECF No. 96, p. 21.

Construing Defendants' Rely as motion for sanctions, the Court ordered Simmons to file a Response to Defendants' request for sanctions and show cause why sanctions, including the possible dismissal of this action, should not be imposed on him.  ECF No. 101.  The Court further advised that if following review of Simmons' response, it concluded that an evidentiary hearing on the Defendants' request were necessary, one would be scheduled.  *Id.*

Simmons filed his response on June 19, 2020.  ECF No. 104.  In his response, he denies falsifying the document at issue.  *Id.*  He explains that he marked an "X" in the section for staff "for his own records to remind and record the non-response from staff with my name and I believe a with a date."  *Id.* at p. 2.  The Defendants challenge the credibility of Simmons' explanation, pointing out that "Plaintiff did not follow his stated process by placing an 'X' in the box reserved for staff response. Rather, it states 'No responces by staff.'  Further, it is not dated and, finally, the 'signature' under this endorsement appears different from Plaintiff's signature on the signature line at the top of the form."  ECF No. 106, p. 2, ¶ 5.

On July 15, 2020, the Court conducted an evidentiary hearing to assess the credibility of the parties' respective positions.  During the hearing, Simmons acknowledged that he wrote the notation and signature on the form at issue, but testified that he did so simply to memorialize his position that the Defendants did not respond to certain grievances and not in an effort to mislead the Court to find that Defendants had admitted to a failure to respond.  While Simmons' submission of the notation and signature was confusing and could reasonably be interpreted as a purported admission by Defendants, the Court finds that this was not Simmons' intent, but rather the result of his carelessness in presentation of his record in opposition to the Defendants' motion for summary judgment.  This finding, however, does not end the Court's inquiry in this matter.  As noted during the hearing, Simmons has repeatedly filed papers that refer to exhibits that were not included in the record and that include citations to exhibits that are confused and inconsistent.  Again, the Court has

3

given Simmons the benefit of the doubt that these practices have been the result of his lack of attention to the importance of a clear and accurate record. During the hearing, the Court further explained that each paragraph of Simmons' responsive concise statement of material facts in opposition to any future motion for summary judgment must respond directly to the corresponding paragraph of the Defendants' concise statement **and** include any accurate citation to each exhibit in the record upon which his factual assertions are based.

With the foregoing in mind, the Court turns to Defendants' motion for sanctions. In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis on whether to dismiss a claim as a sanction:

> (1)     extent of the party's personal responsibility;
> (2)     prejudice to the adversary;
> (3)     a history of dilatoriness;
> (4)     whether the conduct of the party or the attorney was willful
> or in bad faith;
> (5)     effectiveness of sanctions other than dismissal; and
> (6)     meritoriousness of the claim or defense.

*Poulis*, 747 F.2d 863 (3d Cir. 1984). Any doubts in weighing the factors should be resolved in favor of reaching a decision on the merits. *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir.1984). That said, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. *Mindek*, 964 F.2d at 1373 (holding that it is unnecessary that all the factors point toward a default before that sanction will be upheld). Under these directives, the Court will evaluate whether Simmons' submission of the misleading document warrant dismissal of his action.

1.     The Extent of the Party's Personal Responsibility.

Simmons is solely responsible for the submission of the document. He is proceeding pro se and has acknowledged that his own hand is the source of the notation and signature at issue.

Further, Simmons is no stranger to federal litigation, having filed six actions (including this one) in this Court against various individuals during his incarceration. *See Simmons v. Szelewski*, No. 1:13-cv-0258; *Simmons v. Gilmore*, No. 2:17-cv-0096; *Simmons v. Wetzel*, No. 2:17-cv-0224; *Simmons v. Overmyer*, No. 1:18-cv-0201; and *Simmons (Enoch) v. Perry*, No. 1:19-cv-0026. He has demonstrated his familiarity with what is necessary in an evidentiary record to respond to a motion for summary judgment that is based, in part, on an assertion that he has failed to exhaust his administrative remedies. Thus, this factor favors dismissal.

2.  Prejudice to the Adversaries and Impact on Integrity of Judicial System

The type of prejudice that will support dismissal of an action for abuse of litigation tactics need not be irreversible and can consist of the extra costs of repeated delays in filing of motions demanded by the improper behavior on the part of plaintiffs. *Curtis T. Bedwell & Sons v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693–94 (3d Cir. 1988). Simmons' actions have forced Defendants to expend time and energy to bring his actions to the attention of the Court and ensure that the integrity of the judicial process is protected. Thus, Defendants have suffered prejudice.[5]

3.  A History of Deleteriousness and Abuse

As noted, Simmons has engaged in practices that have impeded the Defendants' ability to present their defenses, confused the record, and protracted this litigation. But the Court finds that these practices have been the result of carelessness rather than the product of intent. Therefore, the Court regards this factor as weighing against dismissal of his action. Having duly instructed Simmons to correct these practices in the future, however, the Court will interpret any continuation of them as intentional and act accordingly.

---

[5] If Simmons had intentionally attempted to deceive misrepresent the record, the Court would also have viewed the *Poulis* "prejudice" prong as implicating the integrity of the courts and their ability to maintain a level playing field among the participants. *Derzack v. Cty. of Allegheny, Pa.*, 173 F.R.D. 400, 414 (W.D. Pa. 1996), *aff'd sub nom. Derzack v. Cty. of Allegheny Children & Youth Servs.*, 118 F.3d 1575 (3d Cir. 1997). Thus, at least of equal, if not greater, importance in the fraud on the court context is the public interest in preserving the integrity of the judicial system. *Aoude v. Mobil Oil Corporation*, 892 F.2d 1115, 1118 (1st Cir. 1989).

4.    Willfulness or Bad Faith

As noted, the Court has found that Simmons' misleading presentation of the record was inadvertent and not intentional.  Therefore, this factor does not support dismissal.

5.    Alternative Sanctions

Imposing a monetary sanction on Simmons would be ineffective as he appears to be impecunious.  *See, e.g., Haskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) ("Monetary sanctions are generally not as effective against a pro se plaintiff proceeding as a pauper.").[6]  The Court may also strike the misleading document from the record, thereby eliminating it as purported evidence to counter Defendants' exhaustion defense.   Finally, the Court could sanction Simmons by revoking his *in forma pauperis* status.  The right to proceed *in forma pauperis* is a privilege, not a right.  *Shahin v. Sec'y of Delaware*, 2013 WL 4734392 (3d Cir. Sept. 4, 2013).  *See also Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).  And federal courts have the authority to revoke or deny this privilege if a litigant abuses the privilege of proceeding in forma pauperis by filing frivolous, harassing, or duplicative lawsuits.  *Royal v. Rutherford Police*, 2012 WL 1551338, at *2 (D.N.J. Apr. 27, 2012); *see also In re Macdonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989).  "[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Bradley v. Wallrad*, 2006 WL 1133220, *1 n. 2 (S.D. Ohio Apr. 27, 2006) (quotation omitted).  Although revocation of *in forma pauperis* status and requiring an indigent litigant to pay his own filing fees before starting future litigation is a severe sanction, it is appropriate in rare cases of repeated litigation abuse.  *See Wesley*, 2011 WL 5878053, at *2 (citing *Jimenez*, 321 F.3d at 657; *Aoude*, 892 F.2d at 1119; *Pope*, 138 F.R.D. at 683 ("Permitting this lawsuit to succeed would be an open invitation to abuse the judicial process.

---

[6] Monetary sanctions for such behavior are not unheard of, however.  *See Altschul v. United States*, 2019 WL 8198603, at *2 (E.D. Tex. Oct. 28, 2019), *report and recommendation adopted*, 2020 WL 1171513 (E.D. Tex. Mar. 10, 2020) (pro se, IFP plaintiff fined $2500.00 for filing forged document).

Litigants would infer they have everything to gain, and nothing to lose, if manufactured evidence merely is excluded while their lawsuit continues.  Litigants must know that the courts are not open to persons who would seek justice by fraudulent means."); *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 130 (S.D.Fla.1987) (collecting cases)).  Thus, alternative sanctions short of dismissal are available and appropriate here, which weighs against dismissal.

6.    Meritoriousness of the Claims and Defenses

A claim or defense is considered meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense. *Poulis*, 747 F.2d at 869–70.  After careful review of the pleadings in this actions and the parties' submissions on summary judgment, serious doubts exist regarding the merits of Simmons' claims. However, the Court will defer any in-depth analysis of Simmons' claims and Defendants' defenses pending Defendants' potential filing of a renewed motion for summary judgment and will treat this *Poulis* factor as neutral.

III.    Conclusion

Having considered each of the *Poulis* factors, the Court finds that the sanction of dismissal is not warranted at this time.  The Court will, however, strike the document filed at ECF No. 96, p. 71 and bar Simmons' future reliance upon this document in any former proceedings.  Further, Simmons is warned that any further abusive litigation actions as described herein will be interpreted as intentional and will result in the imposition of additional sanctions, which may include revocation of *in forma pauperis* status and dismissal of this action.

**ORDER**

Therefore, in light of the foregoing, it is hereby ORDERED as follows:

1.    Defendants' Motion for Sanctions is DENIED to the extent it seeks dismissal of Simmons' action.

2.     The document filed at ECF No. 96, p. 71, is hereby STRICKEN from the record in

this case.  Simmons is prohibited from any reliance upon this document in any future

proceedings in this case.

3.     Separately, the Court will issue a scheduling order for Defendants to renew their

motion for summary judgment or file a new motion and for Simmons to respond.


Entered this 16th day of July, 2020.

_____

RICHARD A. LANZILLO
United States Magistrate Judge